IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **DONISHA SMITH,** *also known as* DONISHA LASHEA SMITH, | : : : : |
| **Plaintiff,** | : : |
| VS. | : : |
| **C.E.R.T. RICK ROSS,** *et al*, | : CIVIL No: 5:15-CV-0005-MTT-MSH : : |
| **Defendants** | : |

## ORDER

Plaintiff Donisha Smith, an inmate currently confined at Arrendale State Prison in Alto, Georgia, filed a *pro se* civil rights complaint seeking relief under 42 U.S.C. § 1983 and, as previously directed, paid an initial partial filing fee. The Court has now conducted a review of Plaintiff's Amended Complaint (ECF Nos. 13 & 18), as required by 28 U.S.C. § 1915A(a), and finds that Plaintiff has failed to state a viable claim for relief. Her Complaint is accordingly **DISMISSED** without prejudice under 28 U.S.C. § 1915A(b)(1).

### I.     Standard of Review

Because Plaintiff is a prisoner "seeking redress from a governmental entity or [an] officer or employee of a governmental entity," this Court is required to conduct a preliminary screening of his complaint. *See* 28 U.S.C. § 1915A(a). In so doing, the district court must accept all factual allegations in the complaint as true. *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). *Pro se* pleadings are also "held to a less

stringent standard than pleadings drafted by attorneys" and must be "liberally construed" by the court. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

A *pro se* pleading is, nonetheless, subject to dismissal prior to service if the court finds that the complaint, when construed liberally and viewed in the light most favorable to the plaintiff, fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A(b)(1). To state a claim, a complaint must include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56(2007). The plaintiff must also allege sufficient facts to "raise the right to relief above the speculative level" and create "a reasonable expectation" that discovery will reveal evidence to prove a claim. *Id*. "Threadbare recitals of the elements of cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).

II. **Plaintiff's Complaint**

The present action arises out of Plaintiff's prior confinement at Pulaski State Prison in Hawkinsville, Georgia. Plaintiff's Amended Complaint alleges that Warden Belinda Davis ordered Plaintiff to "get up for inspection" on January 15, 2014. (EFC No. 18 at 2.) Plaintiff refused to comply with the warden's order and also refused to allow herself to be handcuffed. (*Id.*) "CERT members" then apparently entered Plaintiff's room and "tried to cover [her] with a sheet." (*Id.*) Plaintiff alleges that she attempted to free herself from the sheet, but "they" were trying to "cover her breast." (*Id.*) Someone then pulled Plaintiff's leg, causing her to fall to the ground. At that time, Defendant Rick Ross (a CERT member) "grabbed" Plaintiff's right breast. (*Id.*) Plaintiff screamed at him, and "then he

2

went for her right arm" to pull her up from the floor, but her arm was apparently stuck. (*Id.*) While Plaintiff lay on the floor, Defendant Wadley (another CERT member) began throwing clothes from Plaintiff's locker. When Wadley turned around, she "kicked" Plaintiff in the nose. (*Id.*) Officers were eventually able to get Plaintiff up (in cuffs and a waist chain) and removed everything from her cell. Plaintiff claims that she then began screaming for her lunch, "peed on the floor" and "fell asleep." (*Id.*)

Sometime thereafter, a prison official checked on Plaintiff's condition and offered her a grievance form. (*Id.*) It doesn't appear that Plaintiff filed a grievance at that time, although she did allegedly complain to Warden Davis about Rick Ross grabbing her breast during the incident. (*Id.*) The warden responded by asking Plaintiff is she was "incoherent" and stated that she would send "her own tapes" to Atlanta. (*Id.*) Plaintiff was later taken to lockdown. (*Id.*) While there, Defendant Remika Christian allegedly told Plaintiff that she would be released from lockdown if she "threw away [her] grievance." (*Id.* at 3.) Plaintiff apparently agreed to this condition: She claims that Christian "tore up" her grievance "in exchange to allow me to get out of lockdown." (ECF No. 13 at 3).

Plaintiff has now filed the present civil rights action against Warden Davis, Rick Ross, Ms. Wadley, and Deputy Warden Remika Christian for perceived violations of her constitutional rights. (*Id.* at 1, 3).

    A. <u>Eighth Amendment Claims</u>

Plaintiff first appears to bring Eighth Amendment claims Defendants Ross and Wadley. Plaintiff alleges that Ross "grabbed her breast" and Wadley kicked her in the nose. (*Id.*) It does not appear, however, that either action resulted in a significant

3

physical injury. Nor does it appear, from Plaintiff's description of events, that either defendant acted "maliciously and sadistically to cause harm." (*Id.*) Defendants may have acted negligently, but a negligent act by a state official does not give rise to § 1983 liability. *Daniels v. Williams*, 474 U.S. 327, 336 (1986). An officer's touching of an inmate's breast, on one occasion, while attempting to lawfully restrain her likewise fails to rise to the level of an Eighth Amendment violation. *See Young v. Poff*, No. 04CV320, 2006 WL 1455482, at *4 (W.D.N.Y. May 22, 2006) (a single groping incident during frisk not Eighth Amendment violation).

Plaintiff has therefore failed to state an Eighth Amendment claim against Defendants. Her Eighth Amendment claims are accordingly **DISMISSED** without prejudice for failure to state a claim. *Hudson v. McMillian*, 503 U.S. 1, 8 (1992). *See also Johnson v. Glick*, 481 F.2d 1028, 1033 (2nd Cir. 1973) ("Not every push or shove . . . violates a prisoner's constitutional rights.").

B. Due Process Claim

Plaintiff may have also attempted to state a due process claim. Defendant Remika Christian allegedly told Plaintiff that she would be released from lockdown if she "threw away [her] grievance." (ECF No. 13 at 3). Plaintiff apparently agreed, and Christian "tore up" her grievance "in exchange to allow me to get out of lockdown." (*Id.*)

Even if true, however, Plaintiff cannot state a due process claim based upon Defendant Christian's alleged interference with her filing a grievance. A prisoner has no constitutional right to participate in a prison's administrative grievance procedure. *See Wildberger v. Bracknell*, 869 F.2d 1467, 1467-68 (11th Cir. 1989); *Bingham v. Thomas*,

4

654 F.3d 1171 (11th Cir. 2011). Prison administrative remedies "do not in and of themselves create a liberty interest in access to that procedure. *See also*, *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir.1988) ("[t]here is no legitimate claim of entitlement to a grievance procedure"). Any due process claims are thus **DISMISSED**.

### C. Conspiracy Claims

Plaintiff also attempts to bring claims based upon a perceived conspiracy among Defendants to "cover up" the events of January 15, 2014. Plaintiff alleges that, after she complained about Defendant Ross' grabbing her breast, Warden Davis accused Plaintiff of being "incoherent" and stated that "she would send her own tapes to Atlanta" for investigation. (ECF No. 13 at 3.) Plaintiff took this to mean that Davis intended to either tamper with the security tape or otherwise "cover up" the unlawful acts of her subordinates. Plaintiff also alleges that Remika Christian aided in Davis' cover up by destroying Plaintiff's grievance. (ECF No. 18 at 1-2.)

Even if Plaintiff's factual allegations are true, they are not sufficient to state a conspiracy claim. "Allegations of conspiracy must be specific and based upon facts rather than conclusions." *Van Bethel v. Carter*, No. 5:12–cv–01153–RDP–HGD, 2012 WL 5932682 at *2, (N.D. Ala. Oct. 12, 2012). "It is not enough to simply aver in the complaint that a conspiracy existed." *Fullman v. Graddick*, 739 F.2d 553, 557 (11th Cir. 1984). A plaintiff must (1) show that the defendants had a "meeting of the minds" or reached an understanding to violate his rights and (2) prove an actionable wrong to support the conspiracy. *Bailey v. Board of County Comm'rs of Alachua County, Fla.*, 956 F.2d 1112, 1122 (11th Cir.1992). "[T]he linchpin for conspiracy is agreement, which

presupposes communication...." *Id.*

In this case, Plaintiff's Amended Complaint fails to offer any specifics as to when or how an agreement among any Defendants may have been reached. Plaintiff likewise concedes that she has no personal knowledge of what is shown on the security tape and does not know whether the tape was ever tampered with or destroyed. Plaintiff's mere suspicions of foul play and self-serving conclusions that Defendants "plotted to destroy evidence" are simply not enough to satisfy the requirements for stating a conspiracy claim. Any conspiracy claims are thus **DISMISSED** without prejudice for failure to state a claim. *See Fullman*, 739 F.2d at 556–57 ("A complaint may justifiably be dismissed because of the conclusory, vague and general nature of the allegations of conspiracy.").

### III.    Conclusion

For those reasons stated herein, Plaintiff's Complaint shall be **DISMISSED**, pursuant to 28 U.S.C. § 1915A(b)(1), for failure to state a claim.

### PLAINTIFF'S OBLIGATION TO PAY FILING FEE

As noted above, Plaintiff has already paid a small portion of the required filing fee. She now obligated to pay remaining balance of the filing fee using the payment plan described in § 1915(b). For this reason, the Clerk of Court is **DIRECTED** to send a copy of this Order to the business manager of the facility in which Plaintiff is currently confined.

### DIRECTIONS TO CUSTODIAN OF PLAINTIFF

In accordance with the Prison Litigation Reform Act, Plaintiff's custodian is directed to remit to the Clerk of this Court each month twenty percent (20%) of the

preceding month's income credited to Plaintiff's inmate account until the $350.00 filing fee has been paid in full, provided the amount in the account exceeds $10.00. Transfers from Plaintiff's account shall continue until the entire filing fee has been collected, notwithstanding the earlier dismissal of Plaintiff's lawsuit. If Plaintiff is hereafter released from custody, she shall remain obligated to pay any remaining balance due of the above filing fee. Collection from Plaintiff of any balance due by any means permitted by law is authorized in the event Plaintiff fails to remit payment.

**SO ORDERED**, this 27th day of May, 2015.

S/ Marc T. Treadwell
MARC T. TREADWELL
UNITED STATES DISTRICT COURT